GARY M. RESTAINO
United States Attorney
District of Arizona
ADAM D. ROSSI
Assistant United States Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone:  520-620-7300
Email: adam.rossi2@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | | |
| | Plaintiff, | 4:23-cr-01259-JCH-1 |
| vs. | | SENTENCING |
| Malik Rashaun Martin, | | MEMORANDUM |
| | Defendant. | |

Plaintiff, United States of America, by its attorneys, GARY M. RESTAINO, United States Attorney, and ADAM D. ROSSI, Assistant United States Attorney, hereby submit its sentencing memorandum in the above-captioned matter. The sentencing hearing is currently scheduled for May 13, 2024, before the Honorable United States District Court Judge John C. Hinderaker.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      FACTS AND PROCEDURAL HISTORY

In this case, the defendant has a minimal criminal history, but one that indicates increasingly concerning behavior. The defendant has a misdemeanor conviction for Excessive Speed, and was sentence to a fine and 12 months unsupervised probation. Presentence Report, Doc. 47, hereinafter "PSR," ¶ 35. In December 2023, the defendant was charged with felony Unlawful Flight From Law Enforcement, and a change of plea hearing was set for May 2, 2024.  PSR ¶ 39. In that offense, a Tucson Police Department (TPD) officer observed the defendant traveling at 77 mph in a 40 mph zone, and attempted

to conduct a traffic stop. *Id*. The defendant down-shifted and accelerated away from the officer at speeds in excess of 100 mph. *Id*. The officer terminated pursuit as a result, but the defendant crashed, and was later uncooperative, for a time, with officers. *Id*. The defendant was remanded into federal custody as a result of these charges, as he was on pretrial release in this case. PSR ¶ 6. The defendant was also contacted by law enforcement with regard to a shooting in October of 2023, and while he remained on pretrial supervision, the pretrial services officer described the information provided by the defendant to law enforcement to be "inconsistent and improbable." PSR ¶ 5. The defendant's total criminal history score of zero results in a criminal history category of I. PSR ¶ 37.

While the defendant has a short, but concerning, criminal history, the defendant's conduct in this case is disturbing, as the criminal conduct greatly affected the community, both here and in Mexico. Here, on March 1-2, 2022, Mexican law enforcement served search warrants on four buildings in Navojoa, Sonora. PSR ¶ 12. Mexican security forces had information that these buildings were associated with Los Salazares, a cell of the Sinaloa Cartel, and that the buildings contained firearms and narcotics. *Id*. The searches resulted in the seizure of nearly 3 million rounds of ammunition, nearly 15,000 magazines, and approximately 188 firearms. *Id*. When traces were run on firearms located during the searches, one of the firearms, a Pioneer Hellpup, 7.62 caliber pistol, returned to the defendant as the buyer in Tucson, AZ, only 73 days prior. *Id*.

Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) special agents were then able to determine that the defendant had purchased seven other firearms in a 5 month period. PSR ¶¶ 13 and 17. This included two Glock handguns that were purchased by the defendant on August 7, 2021, and were recovered by law enforcement in Tucson 19 days after the defendant purchased them. PSR ¶ 14. A Glock handgun the defendant purchased on August 14, 2021, was recovered in Tucson by law enforcement two (2) days after his purchase. *Id*. Notably, the defendant claimed to special agents to have "got rid of" this handgun a week of two after Thanksgiving 2021, but again, was recovered two days later

- 2 -

by law enforcement. *Id*.

During a non-custodial interview, the defendant gave conflicting information about the circumstances of his purchases of these firearms. PSR ¶¶ 14-16. In addition to the incorrect assertion about the date of him "getting rid of" the Glock he purchased on August 14, 2021, the defendant vacillated between whether he sold the firearms for profit, and often gave conflicting statements about the circumstances of the sales. *Id*. It is clear however, that the defendant made a profit from the sales of the firearms, and purchased the firearms with the intent to sell them. *Id*. The defendant also admitted he "dealt with people he should not have." PSR ¶ 16.

## II.   APPLICABLE GUIDELINE CALCULATIONS

The government agrees with the sentencing guideline calculations as set forth in the Presentence Investigation Report. The defendant's total criminal history score of zero results in a criminal history category of I. PSR ¶ 37. As to the offense level computation, the base offense level is 12 pursuant to U.S.S.G. § 2K2.1(a)(7). PSR ¶ 24. Four level are added due to the amount of firearms involved, pursuant to U.S.S.G. § 2K2.1(b)(1)(B). PSR ¶ 25. Three levels are subtracted pursuant to U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility, for a total offense level of 13. PSR ¶¶ 31-33. Together with the defendant's Criminal History Category of I, the advisory sentencing guideline range is 24 to 30 months imprisonment.[1]

## III.   GOVERNMENT'S SENTENCING RECOMMENDATION

The government requests that this Court sentence the defendant to 10 months imprisonment, a sentence recommended sentence by Probation. The government believes this sentence appropriately reflects the severity of the offense and the individual characteristics of the defendant.

---

[1] The plea agreement reflects a higher range, but after reviewing the PSR recommendations, the government believes Probation's calculations to be correct. *See* PSR ¶ 3.

The defendant's offense in this case is very serious. The defendant bought with the intention to sell eight firearms, two that were recovered in Tucson soon after, and another in Sonora, Mexico with a known cartel group. The defendant has also been escalating his interactions with law enforcement, despite being on supervision. PSR ¶ 91. It's also likely he knew he was selling firearms to prohibited individuals, either by crime or age, or connection to violent cartels. *Id*. Despite being on pretrial supervision, the defendant has continued to engage in illegal behavior, including fleeing from officers and escalating interactions with them. A sentence slightly below the guidelines would be appropriate here, and the 10 month recommendation does just that.

## IV.   CONCLUSION

For the reasons stated above, and based on the nature of this serious offense and the defendant's role within it, a sentence of 10 months is appropriate. Therefore, the government would request the Court accept the defendant's plea of guilty, and impose the recommendations of Probation, including a term of 10 months imprisonment, to be followed by 3 years supervised release.

Based upon the nature of the current offense and the criminal history of the defendant, the sentence is sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, and provide just punishment.

Respectfully submitted this 9th day of May, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Adam D. Rossi*
ADAM D. ROSSI
Assistant U.S. Attorney

Copy of the foregoing served electronically or by
other means this 9th day of May, 2024, to:

Mariam Ferguson, Esq.,
Attorney for Defendant

- 4 -